**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br>AKRON THERMAL, LIMITED PARTNERSHIP,<br><br>       Reorganized Debtor<br>_____<br><br>OHIO EDISON COMPANY,<br><br>       Plaintiff<br><br>vs.<br><br>AKRON THERMAL, LIMITED PARTNERSHIP,<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>CASE NO. 07-51884<br><br>JUDGE ARTHUR J. HARRIS<br><br>ADV. PRO. NO. 09-5077-MSS<br><br><br>**ANSWER OF DEFENDANT AKRON THERMAL, LIMITED PARTNERSHIP** |

Now comes Defendant, Akron Thermal, Limited Partnership (hereinafter "Akron Thermal"), by and through the undersigned counsel, and for its answers to Plaintiff's Complaint states as follows:

## Jurisdiction and Venue

1.  Admits this matter is properly commenced as an adversary proceeding pursuant to Rule 7001 of the Rules of Bankruptcy Procedure.

2.  Admits this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and (b) and 1334(b) and (e). Further admits this is a "core proceeding" over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3.  Admits this Court has personal jurisdiction over Akron Thermal Pursuant to Rule 7004(f) of Rule of Bankruptcy Procedure.

4.  Admits the venue of Akron Thermal's Chapter 11 Case and this Proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties

5.    In response to paragraph 5 of the Complaint, Defendant restates his answers to Paragraphs 1 through 4 as though fully rewritten herein

6.    Admits Akron Thermal is a Delaware limited partnership and has its principal place of business in Akron, Ohio.  Further admits it is the debtor in the above-captioned proceeding.  Further admits it filed a petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et. seq.* on June 18, 2007.  Akron Thermal denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.    Admits Ohio Edison Company ("Ohio Edison") is an Ohio corporation with its principal place of business in Akron, Ohio.  Further admits that Ohio Edison is the plaintiff in this adversary proceeding, and admits that Ohio Edison is a creditor in the underlying bankruptcy proceeding.

## General Allegations

8.    In response to paragraph 8 of the Complaint, Defendant restates its answers to Paragraphs 1 through 7 as though fully rewritten herein

9.    Admits that Akron Thermal is a public utility company which operates a district energy system that generates and distributes steam throughout the City of Akron, Ohio primarily for heating.  Further admits the steam is supplied through approximately 18 miles of distribution piping ("Steam System").

10.   Admits the Ohio Edison is a public utility company which transmits and distributes electricity throughout Akron.  Further Admits the electricity is supplied through an underground networking system throughout the City.

2

11.   Denies that Ohio Edison and Akron Thermal share some underground vaults. Admits that within separate vaults, Ohio Edison's wires and Akron Thermal's steam pipes are individually insulated. Akron Thermal denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.   Admits that both Ohio Edison and Akron Thermal have a general duty to ensure proper maintenance and insulation of their systems so as not to damage other party's system, but denies Akron Thermal violated its duty in any manner, including failing to maintain or insulate its system. Akron Thermal denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.   Denies that on November 13, 2007 there was a leak in a pipe in the Steam System located near 300 S. Main Street, Akron, Ohio and further denies any of Akron Thermal's pipes were in a vault shared with Ohio Edison. Akron Thermal denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.   Admits that there was a fire on March 13, 2007, but denies that the fire occurred as a result of any act or failure to act, including improper maintenance of a Steam System, by Akron Thermal. Akron Thermal denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.   Lacks sufficient information to admit or deny any actions taken by Ohio Edison to determine the cause of the fire and the damage, including its use of any technology, including but not limited to, thermal imaging, and therefore denies the same.

16.   Lacks sufficient information to admit or deny any determinations made by Ohio Edison upon their arrival in the area of the fire. Lacks sufficient information to admit or deny

3

whether the Steam System was 163 degrees celsius at the time of the thermal imaging. Denies that the fire was a result of a steam leak originating within Akron Thermal's Steam System. Further denies that the Steam System was elevated in temperature as a result of any defect within the system. Further denies that excessive steam was emerging from the Steam System in the area of the fire. Denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lacks sufficient information to admit or deny any determination was made by Ohio Edison as to the insulation on the network cables, and denies that any degradation to the system occurred as a result of high temperatures from a leak in the Steam System. Denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lacks sufficient information to admit or deny the validity of the amount of damages on Plaintiff's attached invoice. Denies that any damages allegedly suffered by Ohio Edison were a result of any action or inaction by Akron Thermal. Denies all remaining allegations contained in Paragraph 18 of the Complaint.

## COUNT 1
## NEGLIGENCE

19. In response to paragraph 19 of the Complaint, Defendant restates its answers to Paragraphs 1 through 18 as though fully rewritten herein

20. Admits that both Ohio Edison and Akron Thermal have a general duty to ensure proper maintenance and insulation of their systems so as not to damage other party's system. Denies all remaining allegations contained in Paragraph 20 of the Complaint.

4

21. Denies that Akron Thermal did not regularly monitor and properly maintain its Steam System to ensure it did not damage Ohio Edison's property. Denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Denies that Ohio Edison has incurred substantial damages as a direct or proximate result of any act or failure to act on behalf of Akron Thermal, including but not limited to a failure to regularly monitor and maintain its Steam System. Denies all remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT II
## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

23. In response to paragraph 23 of the Complaint, Defendant restates its answers to Paragraphs 1 through 22 as though fully rewritten herein

24. Denies that the postpetition damage to Ohio Edison's property resulted from any act or failure to act by Akron Thermal in regulating and monitoring its Steam System and further denies that any damage incurred by Ohio Edison constitutes an "actual and necessary" expense for the preservation of Akron Thermal's bankruptcy estate. Denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Denies that Ohio Edison is entitled to an administrative expense in the amount of $345,220.82 plus interests and costs. Denies all remaining allegations contained in Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

5

2.      Plaintiff's injuries, if any, were caused by the act of a party other than this answering

Defendant.

3.      Plaintiff's injuries, if any, were a result of its own negligence, which negligence outweighs

the negligence, if any, of this answering Defendant.

4.      Defendant reserves the right to add additional affirmative defenses as discovery may reveal.

**WHEREFORE**, having fully answered, Defendant prays that Plaintiff's claims be

dismissed as to Defendant and that Defendant be allowed to go hence without delay, at Plaintiff's

costs.

Respectfully submitted,

                            */s/ Thomas R. Wolf*
                            THOMAS R. WOLF (0064214)
                            **REMINGER CO., L.P.A.**
                            200 Courtyard Square
                            80 South Summit Street
                            Akron, Ohio 44308
                            P: (330) 434-6004
                            F: (330) 375-9075
                            E: tolf@reminger.com

                            **Attorney for Defendant**
                            **Akron Thermal Limited Partnership**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2009, a copy of the foregoing was filed electronically. Notice

of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                            */s/ Thomas R. Wolf*
                            THOMAS R. WOLF (0064214)

6